IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**ROBERT JOHN BURGESS**                                                                          **PLAINTIFF**

V.                                   CASE NO. 3:17-cv-03049

**DR. ROY A. LEE**                                                                        **DEFENDANT**

## OPINION AND ORDER

This is a civil rights case filed by the Plaintiff, Robert John Burgess, under the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se*. Plaintiff is no longer incarcerated, but at all times relevant to the complaint he was incarcerated in the Boone County Detention Center ("BCDC").

The Plaintiff has filed an application to proceed *in forma pauperis* ("IFP") (Doc. 1) under 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 1915(e)(2), the Court has the obligation to screen any complaint in which an individual has sought leave to proceed IFP. 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or, (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## I. BACKGROUND

According to the allegations of the Complaint (Doc. 2), Plaintiff was booked into the BCDC on March 8, 2016. He alleges he had a dislocated shoulder, has chronic obstructive pulmonary disease (COPD), and was on Symbicort inhalers. Plaintiff alleges he received no treatment for his shoulder, he did not receive his medication, and he suffered hear

attacks on April 19, 2016 and April 30, 2016.

Plaintiff alleges he was not seen by a doctor until May when he was taken to Mediquick to be seen because he maintained he had suffered heart attacks. Plaintiff was seen by Dr. Lee who did not believe Plaintiff suffered heart attacks and ran no medical tests. After his release from jail, Plaintiff states he had a test run that showed that he did suffer heart attacks.

Plaintiff wants to sue Dr. Lee for "medical malpractice and medical negligence." As relief, Plaintiff seeks an award of $250,000,000.

## II. DISCUSSION

The Court is obligated to screen a case prior to service of process being issued. A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court bears in mind, however, that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that each defendant acted under color of state law and that he or she violated a right

secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

Dr. Lee is a private physician employed by Mediquick. In *Montano v. Hedgepeth*, 120 F.3d 844 (8th Cir. 1997), the Eighth Circuit set forth the analysis to be applied in determining whether state action exists for purposes of § 1983. Specifically, the Eighth Circuit said:

> In ascertaining the presence of state action, we must examine the record to determine whether "the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 2753, 73 L. Ed. 2d 482 (1982). Resolving this question entails a journey down a particularly fact-bound path, *see id.* at 939, 102 S. Ct. at 2754-55, but the Supreme Court has identified two legal touchstones to provide guidance along the way. To begin with, there can be no "fair attribution" unless the alleged constitutional violation was "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." *Id.* at 937, 102 S. Ct. at 2753. Furthermore, "the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Id.*; *see also Roudybush v. Zabel*, 813 F.2d 173, 176-77 (8th Cir.1987) (repeating two part test).

*Montano*, 120 F.3d at 848.

In this case, Plaintiff has alleged only that he was treated at Mediquick by Dr. Lee. There is no allegation that the treatment was rendered pursuant to a contract between the doctor, or Mediquick, and the BCDC. Applying the functional approach adopted by the Eighth Circuit in *Montano*, the Court believes a private physician treating a detainee at a facility not associated with the detention facility and utilizing his independent medical

judgment is not answerable to the state and does not act under color of state law for purposes of § 1983. *See e.g., Koulkina v. City of New York*, 559 F. Supp. 2d 300, 320 (S.D.N.Y. 2008) (private physician not state actor when he merely provided treatment in accordance with his professional medical judgment and was not under a state contract); *Griffis v. Medford*, Civil No. 05-3040, 2007 WL 2752373, *6 (W.D. Ark. Sept. 20, 2007) (private physician treating inmate at a private facility utilizing his independent judgment is not answerable to the state and does not act under color of law for purposes of § 1983).

Further, medical malpractice is not a basis for a § 1983 claim. "[T]o make a cognizable § 1983 claim, [Plaintiff] must allege more than medical malpractice; a [Plaintiff] must allege a constitutional violation of 'deliberate indifference to a serious medical need.'" *Crooks v. Nix*, 872 F.2d 800, 805 (8th Cir. 1989) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

### III. CONCLUSION

The Complaint fails to state a cognizable claim under § 1983 and is frivolous. Therefore, it is **DISMISSED WITHOUT PREJUDICE.** *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) (IFP action may be dismissed at any time due to frivolousness or for failure to state a claim).

**IT IS SO ORDERED** on this 11th day of August, 2017.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE